UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KURT S. ADLER, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05 CV 10662 (VM) |
| ) | |
| **TONY DEVELOPMENT &** ) | ECF Case |
| **MANUFACTURING USA, LLC** ) | |
| **and** ) | **JURY DEMANDED** |
| **TONY DEVELOPMENT &** ) | |
| **MANUFACTURING, LTD.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff, Kurt S. Adler, Inc. ("Adler"), by counsel, for its Complaint against Defendants, Tony Development & Manufacturing USA, LLC ("Tony USA") and Tony Development & Manufacturing, Ltd. ("Tony Hong Kong") (collectively "Defendants"), states as follows:

## PARTIES

1. Plaintiff Adler is a corporation duly organized and existing under the laws of the State of New York, having a place of business at 1107 Broadway, New York, New York 10010.

2. Upon information and belief, Defendant Tony USA is a company duly organized and existing under the laws of the State of New Jersey, having a place of business at 8 Erie Street, Montclair, New Jersey 07042.

3. Upon information and belief, Defendant Tony Hong Kong is a foreign business entity, organized and existing under the laws of Hong Kong, having a place of business at Room 402 Supreme House, 2A Hart Avenue, T.S.T., Kowloon, Hong Kong.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

4.      This action arises under the copyright law of the United States (17 U.S.C. § 101 et. seq.), under the trademark and unfair competition laws of the United States (15 U.S.C. § 1125(a)) and under the common law of the State of New York.

5.      Jurisdiction of this Court is founded upon 15 U.S.C. §1121, 28 U.S.C. §§ 1331, 1332(a)(1), 1332(a)(2), and 1338(a) and (b) and 1400(a), and the pendent jurisdiction of this Court, 28 U.S.C. 1367.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

6.      This Court has personal jurisdiction over Defendants because a substantial part of the events giving rise to the claim occurred, and continue to occur, in this judicial district.  On information and belief, Defendants are doing business in the State of New York and within this judicial district.  Venue is proper in this judicial district under 28 U.S.C. § 1391 (a) and (c).

## FACTS COMMON TO ALL CLAIMS

7.      Adler has been in the business of designing, manufacturing and supplying holiday decorations, accessories and collectibles since 1946, and markets its products through various retail outlets.

### Copyright

8.      In 2001, Adler commenced marketing plush stuffed animal ornaments in different designs, specifically, a cat, a pig, a cow and a dog, which play Christmas songs when their tummies are pressed (hereinafter referred to as "Stuffed Animal Ornaments").  Each of the Stuffed Animal Ornaments are decorated with a red and white striped scarf with green fringe and are holding felt books with a holly design entitled "Christmas Carols" between their paws.  Each

2

Stuffed Animal Ornament plays a different song when its tummy is pressed.  For example, the cat meows the song "We Wish You A Merry Christmas," the pig oinks the song "Oh Christmas Tree," the cow moos the song "Deck The Halls," and the dog barks the song "Jingle Bells."  A photograph of all four Stuffed Animal Ornaments is attached hereto as Exhibit A.

9. The Stuffed Animal Ornaments were designed by an employee of Adler in 2000, in the scope of his employment, as a work-for-hire.

10. Adler duly complied with the provisions of the Copyright Law of the United States, and duly applied for and was issued U.S. Copyright Registration No. VA 1-085-369 on May 14, 2001 for its Stuffed Animal Ornaments.  A copy of U.S. Copyright Registration No. VA 1-085-369 is attached hereto as Exhibit B.

11. At all times, Adler has been and now is the sole proprietor of all right, title and interest in and to U.S. Copyright Registration No. VA 1-085-369, which is valid and subsisting.

Trademark

12. Adler adopted and began using the fanciful and distinctive trademark CAROLIN CRITTERS for its Stuffed Animal Ornaments when it first shipped goods under the mark on or about 2001, and has used the mark continuously since that date.  Adler sells its Stuffed Animal Ornaments to retail stores, which sell to the general consuming public, throughout the United States and within this judicial district.  Attached at Exhibit C is a photograph of the label bearing the mark CAROLIN CRITTERS attached to each of the Stuffed Animal Ornaments.

13. The Stuffed Animal Ornaments are displayed at retail stores in a box bearing photographs of each Stuffed Animal Ornament and the mark CAROLIN CRITTERS.  Attached at Exhibit D is a photograph of the retail display box for the Stuffed Animal Ornaments.

3

14. The trademark CAROLIN CRITTERS is fanciful, distinctive, well-recognized and represents the source of Plaintiff's Stuffed Animal Ornaments sold in association therewith and a substantial goodwill of Adler throughout the United States, including New York.

Trade Dress

15. Since 2001, Adler adopted and began using a fanciful and distinctive trade dress for each of its Stuffed Animal Ornaments individually, and collectively, as a group.

16. The trade dress for the Stuffed Animal Ornament in the cat design consists of at least a plush light brown and white tabby cat body with dark brown stripes in a sitting pose decorated with a red and white scarf containing green fringes at its ends, which meows the song "We Wish You A Merry Christmas." The scarf is positioned so that the green fringes are pointing towards the cat's left shoulder. A brown felt book with a green and red holly design entitled "Christmas Carols" is located between the cat's front paws. The cat's back paws are a different shade of brown than the rest of its body and its front paws, snout and tummy are white. The stitching along the cat's snout is pink along with its nose and the inner part of its ears. Its eyes are black ovals with white irises. See Exhibit A at (a).

17. The trade dress for the Stuffed Animal Ornament in the pig design consists of at least a plush pink body in a sitting pose decorated with a red and white scarf containing green fringes at its ends, which oinks the song "Oh Christmas Tree." The scarf is positioned so that the green fringes are pointing towards the pig's left shoulder. A brown felt book with a green and red holly design entitled "Christmas Carols" is located between the pig's front hoofs. The pig's front and back hoofs and snout are a darker shade of pink than its plush body. Its eyes are black ovals with white irises. See Exhibit A at (b).

18. The trade dress for the Stuffed Animal Ornament in the cow design consists of at least a plush white body with black spots in a sitting pose decorated with a red and white scarf containing green fringes at its ends, which moos the song "Deck The Halls." The scarf is positioned so that the green fringes are pointing towards the cow's left shoulder. A brown felt book with a green and red holly design entitled "Christmas Carols" is located between the cow's front hoofs. The cows' front and back hoofs are in black and contain two distinct raised points. The cow has white and light brown ears pointing downwards along with light brown horns. The cow's snout is white with black stitching for its nose. Its eyes are black ovals with white irises. See Exhibit A at (c).

19. The trade dress for the Stuffed Animal Ornament in the dog design consists of at least a brown and white body in a sitting pose decorated with a red and white scarf containing green fringes at its ends, which barks the song "Jingle Bells." The scarf is positioned so that the green fringes are pointing towards the dog's left shoulder. A brown felt book with a green and red holly design entitled "Christmas Carols" is located between the dog's front paws. The dog has floppy brown ears pointing downwards and has a white tummy. Its eyes are black ovals with white irises. See Exhibit A at (d).

20. The trade dress for the Stuffed Animal Ornaments, collectively as a group, consists of the cat, pig, cow and dog as described above. See Exhibit A.

21. The CAROLIN CRITTERS Stuffed Animal Ornaments' trade dress, both individually and collectively, is fanciful, distinctive, well-recognized and represents the source of Plaintiff's Stuffed Animal Ornaments sold in association therewith and a substantial goodwill of Adler throughout the United States, including New York.

22. Adler has expended considerable sums of money marketing CAROLIN CRITTERS Stuffed Animal Ornaments.

23. Since 2001, Adler has sold significant quantities of CAROLIN CRITTERS Stuffed Animal Ornaments.

24. As a result of its long use, substantial sales, and extensive marketing activities in connection with its Stuffed Animal Ornaments, Adler's mark CAROLIN CRITTERS, and the trade dress of the CAROLIN CRITTERS Stuffed Animal Ornaments sold in association therewith, both individually and collectively, have achieved commercial distinction and acquired secondary meaning in the minds of the purchasing public. Adler's CAROLIN CRITTERS mark and distinctive trade dress have become well-known and widely recognized as indicating the source or origin of Adler's Stuffed Animal Ornaments.

25. On information and belief, Defendants Tony USA and Tony Hong Kong distribute, offer for sale and sell products of varying kinds in interstate commerce and in the State of New York.

26. On information and belief, Defendants have manufactured, imported, marketed, offered for sale and sold and/or caused to be manufactured, distributed, marketed, imported, offered for sale and/or sold in interstate commerce and throughout the State of New York and in this jurisdiction, plush stuffed animal ornaments that copy Plaintiff's trade dress in Stuffed Animal Ornaments, Plaintiff's trademark and Plaintiff's copyrighted material. Defendants' plush stuffed animal ornaments, identified as the CAROLING CRITTER ORNAMENTS, are available in four designs, specifically, a cat, a pig, a cow and a dog, which play Christmas songs when their bellies are pressed (hereinafter referred to as "Infringing Stuffed Animal

Ornaments"). The Infringing Stuffed Animal Ornaments are nearly identical to Plaintiff's Stuffed Animal Ornaments. Each Infringing Stuffed Animal Ornament is decorated with a red, white and green scarf and holds a velvet book with a poinsettia and dove design entitled "Holiday Carols" between its front paws or hoofs. On information and belief, the Infringing Stuffed Animal Ornaments play the identical songs that Plaintiff's Stuffed Animal Ornaments play when their tummies are pressed. For example, like Plaintiff's Stuffed Animal Ornaments, the cat meows the song "We Wish You A Merry Christmas," the pig oinks the song "Oh Christmas Tree," the cow moos the song "Deck The Halls," and the dog barks the song "Jingle Bells." A photograph showing the Infringing Stuffed Animal Ornaments is attached hereto as Exhibit E.

27. On information and belief, Defendants' Infringing Stuffed Animal Ornaments are displayed at retail stores in a box bearing the mark CAROLING CRITTERS ORNAMENTS. Like Plaintiff's Stuffed Animal Ornaments, a label bearing the mark CAROLING CRITTERS ORNAMENTS is attached to each of the Infringing Stuffed Animal Ornaments. The CAROLIN CRITTERS mark and CAROLING CRITTERS ORNAMENTS mark are nearly identical in appearance, sound and overall impression. Attached at Exhibit F are photographs of the retail display box and the label attached to each of the Infringing Stuffed Animal Ornaments bearing the mark CAROLING CRITTERS ORNAMENTS.

28. The Infringing Stuffed Animal Ornaments employ a trade dress that is nearly identical to the trade dress for the CAROLIN CRITTERS Stuffed Animal Ornaments as a collective group. Defendants Infringing Stuffed Animal Ornaments are available in the exact

7

same animal designs, specifically, the cat, the pig, the cow and the dog, as the CAROLIN CRITTERS Stuffed Animal Ornaments. <u>See</u> Exhibits A and E.

29. The Infringing Stuffed Animal Ornaments have a trade dress that is nearly identical to the trade dress for each of the CAROLIN CRITTERS Stuffed Animal Ornaments individually. Just like Plaintiff's CAROLIN CRITTERS Stuffed Animal Ornaments' cat design, Defendants' cat design consists of at least a plush light brown and white tabby cat body with dark brown stripes in a sitting pose decorated with a red and white scarf containing green fringes at its ends, which meows the song "We Wish You A Merry Christmas." The scarf is also positioned so that the green fringes are pointing towards the cat's left shoulder. A red velvet book with a green and poinsettia and white dove design entitled "Holiday Carols" is located between the cat's front paws. The cat's back paws are also a different shade of brown than the rest of its body and its front paws, snout and tummy are all white. The stitching along the cat's snout is pink along with its nose and the inner part of its ears. Its eyes are black ovals with white irises. A photograph showing the Infringing Stuffed Animal Ornament cat design and Plaintiff's Stuffed Animal Ornaments cat design side-by-side for comparison purposes is attached hereto as Exhibit G.

30. Just like Plaintiff's CAROLIN CRITTERS Stuffed Animal Ornaments' pig design, Defendants' pig design consists of at least a plush pink body in a sitting pose decorated with a red and white scarf containing green fringes at its ends, which oinks the song "Oh Christmas Tree." The scarf is also positioned so that the green fringes are pointing towards the pig's left shoulder. A green velvet book with a green and poinsettia and white dove design entitled "Holiday Carols" is located between the pig's front hoofs. The pig's hoofs and snout are

a darker shade of pink than its plush body. Its eyes are black ovals with white irises. A photograph showing the Infringing Stuffed Animal Ornament pig design and Plaintiff's Stuffed Animal Ornaments pig design side-by-side for comparison purposes is attached hereto as Exhibit H.

31. Just like Plaintiff's CAROLIN CRITTERS Stuffed Animal Ornaments' cow design, Defendants' cow design consists of at least a plush white body with black spots in a sitting pose decorated with a red and white scarf containing green fringes at its ends, which moos the song "Deck The Halls." The scarf is also positioned so that the green fringes are pointing towards the cow's left shoulder. A black velvet book with a green and poinsettia and white dove design entitled "Holiday Carols" is located between the cow's front hoofs. The cows' front and back hoofs are in black and contain two distinct raised points. The cow has white and light brown ears pointing downwards along with light brown horns. The cow's snout is white with black stitching for its nose. Its eyes are black ovals with white irises. A photograph showing the Infringing Stuffed Animal Ornament cow design and Plaintiff's Stuffed Animal Ornaments cow design side-by-side for comparison purposes is attached hereto as Exhibit I.

32. Just like Plaintiff's CAROLIN CRITTERS Stuffed Animal Ornaments' dog design, Defendants' dog design consists of at least a brown and white body in a sitting pose decorated with a red and white scarf containing green fringes at its ends, which barks the song "Jingle Bells." The scarf is also positioned so that the green fringes are pointing towards the dog's left shoulder. A red velvet book with a green and poinsettia and white dove design entitled "Holiday Carols" is located between the dog's front paws. The dog has floppy brown ears pointing downwards and has a white tummy. Its eyes are black ovals with white irises. A

photograph showing the Infringing Stuffed Animal Ornament dog design and Plaintiff's Stuffed Animal Ornaments dog design side-by-side for comparison purposes is attached hereto as Exhibit J.

33. On information and belief, Defendants have copied Plaintiff's copyrighted material, distinctive trademark and distinctive trade dress with full knowledge of Plaintiff's prior use of the copyrighted material, CAROLIN CRITTERS mark and the trade dress for its Stuffed Animal Ornaments, and are attempting to trade on Plaintiff's reputation and goodwill by selling the nearly identical and substantially similar Stuffed Animal Ornaments.

34. On information and belief, Defendants had access to Plaintiff's copyrighted material.

35. Plaintiff has never authorized Defendants to copy the copyrighted material, CAROLIN CRITTERS trademark or trade dress for its Stuffed Animal Ornaments. As a result of Defendants' copyright infringement and trademark and trade dress infringement, consumers are likely to conclude that Defendants' Infringing Stuffed Animal Ornaments originate with, or are sponsored or approved by, Plaintiff.

36. On information and belief, Defendants' Infringing Stuffed Animal Ornaments and Plaintiff's Stuffed Animal Ornaments are competitive products sold in some of the same channels of trade to similar consumers. Because of the deliberate similarity in appearance between Defendants' Infringing Stuffed Animal Ornaments and Plaintiff's Stuffed Animal Ornaments, consumers are likely to purchase Defendants' Infringing Stuffed Animal Ornaments believing they emanate from Plaintiff.

37. On information and belief, by their introduction of the Infringing Stuffed Animal Ornaments, Defendants have embarked on a malicious and intentional scheme and plan to unfairly trade upon and appropriate to itself the success of Adler's CAROLIN CRITTERS Stuffed Animal Ornaments.

38. Despite Adler's demand that Tony USA cease copying Adler's copyright, trademark and distinctive trade dress, Defendants activities continue unabated and in willful derogation of Plaintiff's rights.

39. Plaintiff is being irreparably injured and monetarily damaged by Defendants' acts. Plaintiff has no adequate remedy at law.

## COUNT ONE
## (COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 et seq.)

40. Plaintiff repeats and realleges paragraphs 1-39 as if fully set forth herein.

41. This cause of action arises under Section 501 of the Copyright Act of 1976, 17 U.S.C. § 501.

42. Defendants have infringed and are infringing Plaintiff's U.S. Copyright Registration No. VA 1-085-369 by manufacturing, importing, displaying, distributing, selling, offering for sale, and marketing the Infringing Stuffed Animal Ornaments which contain substantial material copied from Plaintiff's copyrighted work and the designs of which are substantially similar to the design of Plaintiff's copyrighted work.

43. All of Defendants' acts, as alleged in Paragraph 29 above, were without Plaintiff's authorization or consent.

## COUNT TWO
## (FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT)

44. Plaintiff repeats and realleges paragraphs 1-43 as if fully set forth herein.

45. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Defendants' unauthorized distribution and sale in commerce of goods bearing the mark CAROLING CRITTERS ORNAMENTS is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' Infringing Stuffed Animal Ornaments by Plaintiff, and constitutes false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendants' unauthorized distribution and sale in commerce of goods bearing the mark CAROLING CRITTERS ORNAMENTS falsely designates the origin of Defendants' Infringing Stuffed Animal Ornaments and is likely to cause confusion, mistake or deception about the origin of Defendants' goods.

48. By making such representations, Defendants have falsely and misleadingly described and suggested that the Infringing Stuffed Animal Ornaments they are selling and offering for sale emanate from Plaintiff.

49. Defendants will, on information and belief, continue to infringe upon Plaintiff's rights under §43(a) of the Lanham Act unless and until it is enjoined by this Court. Plaintiff has been and is likely to continue to be injured unless Defendants are enjoined. Plaintiff has no adequate remedy at law.

## COUNT THREE
## (INFRINGEMENT OF PRODUCT TRADE DRESS UNDER SECTION 43(a) OF THE LANHAM ACT)

50.     Plaintiff repeats and realleges paragraphs 1-49 as if fully set forth herein.

51.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.     Defendants' unauthorized distribution and sale in commerce of the Infringing Stuffed Animal Ornaments is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' Infringing Stuffed Animal Ornaments by Plaintiff.

53.     Defendants' unauthorized distribution and sale in commerce of the Infringing Stuffed Animal Oranments falsely designates the origin of Defendants' Infringing Stuffed Animal Ornaments and is likely to cause confusion, mistake or deception about the origin of Defendants' goods.

54.     By making such representations, Defendants have falsely and misleadingly described and suggested that the Infringing Stuffed Animal Ornaments they are selling and offering for sale emanate from Plaintiff.

55.     Defendants will, on information and belief, continue to infringe upon Plaintiff's rights under §43(a) of the Lanham Act unless and until it is enjoined by this Court.  Plaintiff has been and is likely to continue to be injured unless Defendants are enjoined.  Plaintiff has no adequate remedy at law.

## COUNT FOUR
## (NEW YORK COMMON LAW TRADEMARK INFRINGEMENT)

56.  Plaintiff repeats and realleges paragraphs 1-55 as if fully set forth herein.

57.  This cause of action arises under New York common law.

58.  Defendants' by their acts, have infringed upon Plaintiff's common law rights in its mark CAROLIN CRITTERS for Stuffed Animal Ornaments and will continue to do so unless enjoined by this Court.

## COUNT FIVE
## (NEW YORK COMMON LAW TRADE DRESS INFRINGEMENT)

59.  Plaintiff repeats and realleges paragraphs 1-58 as if fully set forth herein.

60.  This cause of action arises under New York common law.

61.  Defendants' by their acts, have infringed upon Plaintiff's common law rights in its trade dress for its CAROLIN CRITTERS Stuffed Animal Ornaments and will continue to do so unless enjoined by this Court.

## COUNT SIX
## (NEW YORK COMMON LAW UNFAIR COMPETITION)

62.  Plaintiff repeats and realleges paragraphs 1-62 as if fully set forth herein.

63.  This cause of action arises under New York common law.

64.  Defendants' by their acts, have unfairly competed with Plaintiff in violation of New York common law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Adler seeks the following relief:

(A) That Defendants, their officers, directors, agents, servants, employees and attorneys and all those acting in active concert or participation with any of them who receive notice be preliminarily and permanently enjoined and restrained:

1. From infringing Plaintiff's copyrighted work, evidenced by U.S. Copyright Registration No. VA 1-085-369, in any manner, including, but not limited to, manufacturing, displaying, publishing, vending, distributing, selling, promoting, importing and/or advertising any product that contains substantial material copied from and substantially similar to the copyrighted Stuffed Animal Ornaments, including, without limitation, the Infringing Stuffed Animal Ornaments, as shown in Exhibit E; and

2. From distributing, advertising, manufacturing, promoting, importing, selling, and/or offering for sale the Infringing Stuffed Animal Ornaments shown in Exhibit E or colorable variations thereof; and

3. From distributing, advertising, manufacturing, promoting, importing, selling, and/or offering for sale the infringing Stuffed Animal Ornaments or any ornaments or toys under the mark CAROLING CRITTERS ORNAMENTS or any colorable variation of the mark CAROLIN CRITTERS.

(B) That Defendants be required to pay Plaintiff's actual damages and any additional profits of Defendants to Plaintiff, pursuant to 17 U.S.C. §504(b);

(C)  That Defendants be required to pay Plaintiff statutory damages, pursuant to 17 U.S.C. §504(c);

(D)  That the Court adjudge and decree that Defendants have unlawfully misappropriated and converted Plaintiff's exclusive property rights;

(E)  That Defendants be required to pay its profits to Plaintiff, any damages sustained by Plaintiff as a result of Defendants' acts, and Plaintiff's costs for the action, pursuant to 15 U.S.C. §1117(a);

(F)  That Defendants be required to pay Plaintiff three times the amount of Plaintiff's actual damages due to the circumstances of this case, pursuant to 15 U.S.C. §1117(a);

(G)  That all copies found to have been made or used in violation of Plaintiff's exclusive rights, and all plates, molds, matrices, masters, tapes, films, negatives, or other articles by means of which such copies or phonorecords may be reproduced, be delivered to Plaintiff for destruction, pursuant to 17 U.S.C. §503;

(H)  That all labels, signs, prints, packages, wrappers, receptacles and advertisements of Defendants' CAROLING CRITTERS ORNAMENTS, and any reproduction, copy or counterfeit or colorable imitation of Plaintiff's CAROLIN CRITTERS trademark and Stuffed Animal Ornaments, and all plates molds, matrices and other means of making the same, be delivered up to Plaintiff for destruction, pursuant to 15 U.S.C. §1118;

(I) That Defendants be required to pay Plaintiff's costs and reasonable attorneys' fees in connection with this action, pursuant to 15 U.S.C. §1117(a) and 17 U.S.C. § 505;

(J) That Defendants be required to pay Plaintiff punitive damages due to the exceptional circumstances of this case; and

(K) That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 20, 2005                Respectfully submitted,


/S:_____
Peter D. Murray (PM-6912)
Robert T. Maldonado (RM-7873)
Tonia A. Sayour (TS-7208)
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 278-0400

Attorneys for Plaintiff
KURT S. ADLER, INC.